IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CONSTRUCCIONES E INSTALACIONES
ELECTROMECANICAS S.A.,
A Republic of Uruguay Corporation,

        Plaintiff,

v.

        Civil Action No. 2:07-cv-234
        Judge Sargus
        Magistrate Judge Kemp

HI-VAC CORPORATION,
An Ohio, U.S.A. Corporation,

        Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Parties' cross-objections to bills of costs filed subsequent to the trial in this matter. (Docs. 101 & 102.) For the reasons that follow, Defendant's objection is **SUSTAINED IN PART and OVERRULED IN PART** and Plaintiff's objection is **SUSTAINED**.

I.

The subject of this action was a contract dispute between Defendant Hi-Vac Corporation ("Hi-Vac"), an Ohio-based manufacturer of a line of sewer cleaning equipment, and Plaintiff Construcciones E Instalaciones Electromecanicas S.A. ("CIEMSA"), a Uruguayan corporation providing industrial and environmental services. CIEMSA initiated this action after purchasing allegedly defective sewer cleaning equipment from Hi-Vac. By Opinion and Order issued July

24, 2009, the Court granted Hi-Vac's motion for partial summary judgment and dismissed six of CIEMSA's eight claims. (*See* Doc. 49.) The case proceeded to trial on the remaining two claims—breach of contract and avoidance of contract arising under the United Nations Convention on Contracts for the International Sale of Goods ("CISG")—with the jury reaching verdicts in favor of Hi-Vac on the avoidance of contract claim and in favor of CIEMSA for the breach of contract claim. (Doc. 92 & 93.) The jury awarded CIEMSA $72,990 in damages. (Doc. 93.)

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, both Parties then filed bills of costs and objected to the award of costs to their opponent. (Docs. 97 & 99.) Hi-Vac seeks an award of costs of $20,228.09 and CIEMSA seeks an award of $18,734.75. (Dos. 97 & 99.)

## II.

### A.

Federal Rule of Civil Procedure 54(d)(1) provides in part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The specific items that may be taxed as costs are enumerated by 28 U.S.C. § 1920, and include, *inter alia*, "[f]ees of the clerk and marshal," "[f]ees for printed or electronically recorded transcripts," fees for printing, and fees for witnesses. 28 U.S.C. § 1920. Here, both Parties claim to have prevailed, or in the alternative, claim that the opposition did not prevail. Further, each Party also objects to specific costs claimed by the other.

A party can be a prevailing party even when only partially successful in litigation.

*Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005). In the context of attorney-fee shifting statutes, the Supreme Court has held that for a plaintiff to be considered the "prevailing party," it must "receive at least some relief on the merits of [its] claim" even if that relief is only nominal. *Buckhannon Bd. and Care Home, Inc.* v. *W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603–04 (2001)(quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). The Court has further held that for a party to prevail, there must be a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. The Sixth Circuit has applied *Buckhannon* in the context of determining a prevailing party for Rule 54(d) cost-taxation. *See Andretti*, 426 F.3d at 835.

Here, the Court finds that CIEMSA prevailed in the instant action. It is true that Hi-Vac successfully defended itself against seven of the eight claims brought against it. However, CIEMSA filed the instant action seeking to recover damages under various theories for injuries that CIEMSA claimed to have sustained through a single purchase of equipment from Hi-Vac. After a lengthy trial, a jury found that Hi-Vac had breached its contract with CIEMSA and awarded approximately $73,000 in damages to CIEMSA. Although this figure was significantly lower than what CIEMSA was seeking, and the jury found in Hi-Vac's favor on the other tried claim, CIEMSA did receive at least some relief as to the merits of its claims. Furthermore, a judgment enforceable by CIEMSA against Hi-Vac was entered by the Court, and thus, a judicially sanctioned change in the legal relationship of the Parties occurred.

In support of its contentions that it, rather than CIEMSA prevailed, Hi-Vac cites 28 U.S.C. §1332(b), which provides that, in cases based on diversity jurisdiction, a Court may deny costs to or impose costs upon a plaintiff that recovers less than the $75,000 jurisdictional

3

threshold. *See* 28 U.S.C. § 1332(b). However, as correctly noted by CIEMSA, CISG is an international treaty of which the United States is a signatory, and, therefore, claims arising pursuant to CISG invoke this Court's federal question jurisdiction. *See id.* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or *treaties* of the United States." (emphasis supplied)). Accordingly, § 1332(b) is not applicable to determining the prevailing party in this case.

For the above stated reasons, the Court finds that CIEMSA was the prevailing party in this litigation. Conversely, Hi-Vac is thus not the prevailing party and is not entitled to an award of costs pursuant to Rule 54(d). Therefore, CIEMSA's objection to Hi-Vac's bill of costs is sustained. Moreover, as the prevailing party, CIEMSA is entitled to an award of at least some of its claimed costs. However, in the Court's view, an award of less than one-half of the costs claimed is appropriate in this case.

**B.**

In its bill of costs, CIEMSA has claimed $688.80 for the cost of a video feed for witness testimony from Montevideo, Uruguay. (Doc. 97 at 3.) However, as noted by Hi-Vac, the Court previously ruled that CIEMSA would be assessed the costs of transmitting testimony in this manner. (*See* Doc. 70 at 2 n.1.) Accordingly, CIEMSA is precluded from transferring this cost to Hi-Vac.

The Sixth Circuit has identified several circumstances wherein the denial of costs to a prevailing party may be warranted. These include: (1) "cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large"; (2) "cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues"; (3)

4

"cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant"; and (4) "cases that are close and difficult." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)(internal quotations and citations omitted).

Here, the Court finds that the fourth circumstance is present and warrants a reduction in the remaining costs requested by CIEMSA by one-half. Hi-Vac prevailed on one of the two claims submitted to the jury. The verdict returned for CIEMSA, while more than nominal, was substantially lower than the amount sought. In the Court's view, both parties were very well represented; both sides made a good-faith effort to settle a close and difficult case. Under these circumstances, recovery of some, but not all, of the costs by the Plaintiff is appropriate.

### III.

Based on the foregoing, Hi-Vac's objection (Doc. 101) is **SUSTAINED IN PART and OVERRULED IN PART** and CIEMSA's objection (Doc. 102) is **SUSTAINED**. CIEMSA is awarded $9,023.00 in costs. This figure represents CIEMSA's claimed costs of $18,734.75, less the $688.80 claimed for videoconferencing, divided in half.

**IT IS SO ORDERED**

9-13-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5